a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MUHAMMAD ALI #A221-166-478,          CIVIL DOCKET NO. 1:25-CV-01600
Petitioner                                                    SEC P

VERSUS                                                    JUDGE EDWARDS

U S IMMIGRATION & CUSTOMS          MAGISTRATE JUDGE PEREZ-MONTES
ENFORCEMENT,
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Muhammad Ali ("Ali"), an immigration detainee at River Correctional Center in Ferriday, Louisiana.  Ali seeks release from detention because there is no significant likelihood of his removal in the reasonably foreseeable future.

Because Ali establishes his entitlement to relief, the Petition should be GRANTED.

I.      Background

Ali is a native and citizen of Pakistan.  He entered the United States on September 9, 2024, where he was encountered by border patrol agents.  ECF No. 1-2 at 3; ECF No. 9-1 at 2-3.  Ali was placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1).  ECF No. 9-2 at 1.

1

On March 13, 2025, Ali was ordered removed to Pakistan, but granted withholding of removal.  ECF No. 9-3 at 3.  Neither Ali nor the Government appealed.

The Government alleges that it submitted a travel document request to Brazil on an unspecified date.  ECF No. 9 at 7.

## II.    Law and Analysis

In *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001), the United States Supreme Court rejected the argument that the government could detain a removable noncitizen indefinitely.  The Court held that detention is limited to the period reasonably necessary to bring about the removal.  *Id.*  Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Id.* at 699.  The Supreme Court recognized that six months is a "presumptively reasonable period of detention."  *Id.* at 701.

Because Ali's removal order became final on April 14, 2025, 30 days after the immigration judge granted withholding, Ali has been detained well beyond the presumptively reasonable period.  The presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

After the presumptively reasonable period expires, and "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas,* 533 U.S. at 701.

Ali provides good reason to believe that there is no significant likelihood of his removal in the foreseeable future.  He identifies a specific barrier to his repatriation—

withholding of removal to Pakistan, the only country of which he is a citizen.  *See Hmung v. Bondi*, 25-cv-1303, 2025 WL 3657221, at *3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted, 2025 WL 3670499* (W.D. Okla. Dec. 17, 2025); *Trejo v. Warden of ERO El Paso E. Montana*, 25-cv-401, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025); *Misirbekov v. Venegas*, 25-cv-00168, 2025 WL 2450991, *1 (S.D. Tex. Aug. 15, 2025).

The Government provides no evidence to rebut Ali's claim.  The Response only contains an unsupported assertion that a request for travel documents was made to Brazil.  But the record contains nothing to substantiate that claim.[1]

Ali is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702.  The record before the Court establishes that the likelihood of Ali being removed in the reasonably foreseeable future is certainly not significant.  Accordingly, his continued detention violates the Due Process Clause, as explained in *Zadvydas*.

---

[1] Even if this claim is true, there is no evidence that Brazil acknowledged receipt, is still considering, or is likely to grant the request.  *See Trejo*, 2025 WL 2992187, at *5 (none of the three countries "even acknowledged receipt of ICE's request, much less that they asked for supplemental information or documentation, or provided any kind of timeline for their decision") (*comparing Yaro v. Mukasey*, No. 5:08-cv-593, 2008 WL 4816657, at *3 (W.D. Tex. Oct. 30, 2008) (removal was likely in the foreseeable future where Malian embassy acknowledged receipt of application and provided general timeline for investigation and decision)).

III.    Conclusion

Because there is no substantial likelihood of Ali's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Ali be released.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 2, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE